# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DAVID CHAVIERS, NORMAN CHAVIERS, KELLIE LEDBETTER, and TOM HANCOCK, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MIRABILIS VENTURES, INC., and FRANK AMODEO, et al., )<br>)<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>CV-07-0442-CLS |

## DECLARATION OF FRANK L. AMODEO

1. My name is Frank L. Amodeo. I am a resident of Orlando, Florida. I am over the age of twenty-one (21) years, am of sound mind, and am competent to make this declaration. This declaration is based upon my personal knowledge.

2. I am a resident of Orlando, Florida, and have been a resident of Orlando, Florida since 1995. Prior to that, I resided in Atlanta, Georgia for 10 years. I have never lived in Alabama.

3. I am currently President and CEO of AQMI Strategy Corporation ("AQMI"), and have held these positions since AQMI's inception in 2004. AQMI is based in Orlando, Florida.

4. I am not an employee or shareholder in Mirabilis Ventures, Inc. ("Mirabilis"). At one time, I owned a small amount of stock in Mirabilis -- less than 1.0% -- but I



have not been a stockholder since September of 2006. I have never been an employee of Mirabilis.

5. AQMI is a Florida corporation and is not licensed to do business in Alabama. AQMI is a business consulting company but it does not have any offices in Alabama and does not maintain a registered agent for service in Alabama. AQMI does not advertise its services in Alabama (or anywhere for that matter), nor does it conduct any kind of other advertising in Alabama or targeted to reach Alabama.

6. AQMI does not currently have any clients based in Alabama. Nor do I personally have any business interests based in Alabama.

7. In the late summer of 2006, I was acting as a senior strategist for AQMI with regard to Mirabilis. Mirabilis had purchased a professional employer organization ("PEO") named The Hancock Group, LLC ("Hancock Group"), a sale which closed in February of 2006.

8. The member interests of the Hancock Group were owned by David Chaviers, Tom Hancock, Norman Chaviers and Kellie Ledbetter – all of whom are plaintiffs in the above-captioned lawsuit.

9. I did not participate in negotiations between Mirabilis and Hancock Group leading up to the purchase and sale agreement or the closing of the agreement between the members of Hancock Group and Mirabilis. I am not a signatory to any of the documents or agreements relating to the purchase and sale of Hancock



Group. I did not purchase or sell anything in that transaction, which was strictly between Mirabilis and the Plaintiffs and prior to any of my involvement.

10. My communications with former principals of Hancock Group all took place well after the closing of the purchase and sale agreement. Those communications, six or less in number, took place via telephone. All of the telephone calls were initiated by the Plaintiffs. I recall one visit by the former principals of Hancock Group to my offices in Orlando, Florida (there was possibly a second visit by one of the principals of Hancock Group to Orlando, Florida). I never traveled to Alabama in connection with this project.

11. My limited communications with the Plaintiffs were for the purpose of integrating Hancock Group's book of business into Mirabilis' book of business. These services were provided to Mirabilis as an outside consultant as part of its PEO consolidation strategy.

12. Mirabilis had acquired other PEOs, and was working to integrate all of its PEO business for the purposes of achieving uniformity and economies of scale. This was the nature of my engagement as an outside consultant for Mirabilis.

13. My communications with the former principals of Hancock Group were pursuant to the above-described engagement, and not for the purpose of negotiating the purchase and sale agreement or other documents between Mirabilis and the former principals of Hancock Group. In fact, my communications with the plaintiffs in this case were in their capacity as employees of a Mirabilis affiliate – not in their capacity as the former principals of Hancock Group.

3

14. By the time I first spoke with any of the former principals of Hancock Group, the purchase and sale agreement already had been executed and the sale had closed seven months earlier. Thus, nothing I said or did could have influenced plaintiffs' decision to sell Hancock Group.

15. AQMI was retained by Mirabilis to aid in the implementation of a strategic business plan and to advise on the utilization of the Capital Genesis Investment Model. This business model allows small businesses to consolidate their needs and benefit from increased bargaining power as a result of that consolidation.

16. My only correspondence related to the Hancock Group acquisition occurred well after the execution and closing of the purchase and sale agreement. That correspondence, attached as Exhibit H to the complaint in this case, speaks for itself. I did not directly exchange e-mails with the former principals of Hancock Group.

17. I do not now and have never owned or leased property in Alabama. Until this lawsuit, I have never been a plaintiff or a defendant in a lawsuit in the courts of Alabama (state or federal).

18. I do not have any current business dealings with Alabama. I have had no business dealings involving Alabama, other than the limited communications discussed above.

19. I have not visited Alabama since 2006. The purpose of that visit was for the wedding of the daughter of a friend of the family. Prior to that, I have been to



Alabama a few times, usually stopping to see friends of mine or my wife's while passing through the state.

20. Based on my limited contacts with the former principals of Hancock Group and my limited contacts with the state of Alabama otherwise, I would not have expected to be brought to court in Alabama.

21. It would be extraordinarily difficult for me to defend against a lawsuit in Alabama. Due to my responsibilities with regard to AQMI and the distance between Alabama and Orlando, Florida, defense of such a lawsuit in Alabama would work an extreme hardship on me.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in this declaration are true and correct to the best of my knowledge.

Executed on this 4th day of May, 2007.

Frank L. Amodeo

STATE OF FLORIDA   )
                   )
COUNTY OF ORANGE   )

The foregoing instrument was subscribed and sworn to before me this 4th day of May, 2007, by Frank L. Amodeo, who is <u>personally known to me</u> or who has produced _____ as identification.

[SEAL] 
SCOTT M. GOLDBERG
MY COMMISSION # DD511730
EXPIRES: February 10, 2010
1-400-3-NOTARY   FL Notary Discount Assoc. Co.

Notary Public
Printed Name: Scott M. Goldberg