# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DAVID CHAVIERS, NORMAN ) <br> CHAVIERS, KELLIE LEDBETTER, ) <br> and TOM HANCOCK, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MIRABILIS VENTURES, INC., and ) <br> FRANK AMODEO, et al., ) <br> ) <br>     Defendants. ) | **CIVIL ACTION NO.** <br> **CV-07-0442-CLS** |

## DEFENDANTS' BRIEF IN RESPONSE TO JUNE 7, 2007 ORDER

Defendants Mirabilis Ventures, Inc. ("Mirabilis") and Frank Amodeo ("Amodeo") (collectively "Defendants") submit this Brief in response to the Court's June 7, 2007 Order asking the question: "Why is this case pending in the Northern District of Alabama?"

The short answer to this question is as follows: Plaintiffs filed the lawsuit in the Northern District; the forum selection clause cited in the June 7 Order is a contractual right for Mirabilis to exercise, or not; Mirabilis is content with Plaintiffs' choice of forum, and has chosen *not* to enforce the forum selection clause.

913188.1

Defendants respectfully request that the Court keep the claims against Mirabilis in the Northern District of Alabama, and dismiss the claims against Amodeo for lack of personal jurisdiction.

### The Forum Selection Clause

As the Court correctly notes, it is the Purchase and Sale Agreement between Mirabilis and Plaintiffs "that gives rise to the various fraud allegations asserted by plaintiffs in this cause of action." The Purchase and Sale Agreement contains a forum selection clause setting venue in Broward County, Florida. (Agreement, 10(m), p. 49).  Importantly, Defendant Amodeo is *not* a party to the Purchase and Sale Agreement.  Thus, Amodeo may have no standing to enforce the forum selection clause; nor would Plaintiffs have any right to enforce the selection clause against him.[1]  The right to enforce the forum selection clause (or not) lies, in this case, with Mirabilis.

### Improper Venue Is A Waivable Defect

"[F]ederal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32, 108 S. Ct. 2239, 2245, 101 L. Ed. 2d 22 (1988); See also Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998) ("the federal transfer-of-venue statute governs district

---

[1]  Even if Amodeo had a right to enforce the forum selection clause, it may be inconsistent with his threshold personal jurisdiction challenge to do so.

court decisions in enforcing forum-selection clauses"). The Eleventh Circuit has held that "lack of personal jurisdiction and improper venue, unlike subject matter jurisdiction which requires dismissal on the court's own motion if not raised by the parties, are waivable defects." Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988) (citing Harris Corp. v. National Iranian Radio & Television, 691 F.2d 1344, 1349, 1353 (11th Cir. 1982); FED. R. CIV. P. 12(h)(1)). "Both defenses [of lack of personal jurisdiction and improper venue] are waived when a defendant files a responsive pleading or Rule 12 motion failing to assert them." Lipofsky, 861 F.2d at 1258-1259 (citing FED. R. CIV. P. 12(b), (h)(1)). Additionally, "the defendants in some cases may wish to waive the defenses" of lack of venue and personal jurisdiction affirmatively. Id. at 1259.

Mirabilis has not filed a motion to dismiss for improper venue. See, e.g., Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966) (stating that, because the right to challenge venue "is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue"). "In the absence of such a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties the

opportunity to present their views on the issue. . . . The defendants in some cases may wish to waive the defense." Lipofsky, 861 F.2d at 1259.

Here, whether Mirabilis has technically waived its defense of improper venue or not, Mirabilis' intent was (and remains) *not* to challenge Plaintiffs' choice of forum. As set forth above, Mirabilis is content to litigate the claims in this Court. See, e.g., Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc., 432 F.3d 1343, 1345-1346 (11th Cir. 2005) (stating that, "while a district court may dismiss a suit sua sponte for lack of venue, it may not do so 'without first giving the parties an opportunity to present their views on the issue' [including giving] defendants an opportunity to waive the venue defense"; because the "district court dismissed the case sua sponte before receiving any submissions or arguments from the parties on the propriety of venue…the district court abused its discretion") (internal citations omitted)).

## **Venue Against Amodeo**

Amodeo respectfully asserts that the Court's exercise of personal jurisdiction over him would be a violation of the Due Process Clauses in the Fifth and Fourteenth Amendments, and has filed a motion to dismiss for lack of personal jurisdiction arguing as such. In the same vein, venue in this Court against Amodeo is equally improper.

Under both 28 U.S.C. §§ 1391(a)(2) and (b)(2), venue is proper only in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "Section 1391(b)(2) has been interpreted as requiring a court to *focus on the actions of the defendant, not of the plaintiff*." McDaniel v. IBP, Inc., 89 F. Supp. 2d 1289, 1294 (M.D. Ala., 2000) (citing Gaines, Emhof, Metzler & Kriner v. Nisberg, 843 F. Supp. 851 (W.D.N.Y. 1994) (emphasis added)). In Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003), the Eleventh Circuit held that, in considering whether venue is proper, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered." Id. (internal quotations omitted).

As detailed in the briefs and evidence previously submitted to the Court, the actions which Plaintiffs contend give rise to the claims against Amodeo – phone calls and meetings – all occurred in or from Florida rather than Alabama. As such, Alabama cannot possibly be considered the location wherein "a substantial part of the events" giving rise to Plaintiffs' lawsuit against Amodeo occurred.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court keep the claims against Mirabilis in the Northern District of Alabama, and dismiss the claims against Amodeo for lack of personal jurisdiction.

913188.1

5

Respectfully submitted,

Dated: June 15, 2007.

/s Eric B. Langley
  Charles A. Burkhart
  Eric B. Langley
  David Burkholder
  Attorneys for Defendants
  BALCH & BINGHAM LLP
  Post Office Box 306
  Birmingham, AL 35201-0306
  Telephone: (205) 251-8100
  Facsimile: (205) 488-5689
  E-mail: cburkhart@balch.com
        elangley@balch.com
        dburkholder@balch.com

**Counsel for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **DAVID CHAVIERS, NORMAN CHAVIERS, KELLIE LEDBETTER, and TOM HANCOCK,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **CV-07-0442-CLS** |
| ) | |
| **MIRABILIS VENTURES, INC., and FRANK AMODEO, et al.,** ) ) ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Phillip W. Williams, Jr.  
/ phwill@sbswlegal.com

John M. Gross  
/ jgross@taylor-busch.com  
John J. Richard  
/ jrichard@taylor-busch.com  
Ramsey A. Knowles  
/ rknowles@taylor-busch.com

        /s Eric B. Langley
Charles A. Burkhart
Eric B. Langley
David Burkholder
Attorneys for Defendants
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5689
E-mail: cburkhart@balch.com
       elangley@balch.com
       dburkholder@balch.com

**Counsel for Defendants**