# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DAVID CHAVIERS, NORMAN CHAVIERS, KELLIE LEDBETTER, and TOM HANCOCK,** ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | **CV-07-0442-CLS** |
| ) | |
| **MIRABILIS VENTURES, INC., and FRANK AMODEO, et al.,** ) ) ) | |
| Defendants. ) | |

## DEFENDANT FRANK AMODEO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Frank Amodeo ("Amodeo"), for his Answer to Plaintiffs' Amended Complaint, responds to the numbered allegations as follows:[1]

1. Upon information and belief, Amodeo admits that the Plaintiffs collectively owned all of the outstanding member interests of The Hancock Group, LLC ("Hancock Group"). Amodeo lacks knowledge or information sufficient to

---

[1] Defendant Amodeo, by way of this Answer, responds to both the original Complaint and the Amended Complaint of the Plaintiffs and denies the material allegations of the original Complaint.

926894.1

admit or deny the remaining allegations of this paragraph and therefore denies them.

2. Upon information and belief, Amodeo admits that Tom Hancock was one of the owners of the outstanding member interests of Hancock Group. Amodeo lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

3. Upon information and belief, Amodeo admits that Norman Chaviers was one of the owners of the outstanding member interests of Hancock Group. Amodeo lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

4. Upon information and belief, Amodeo admits that Kellie Ledbetter was one of the owners of the outstanding member interests of Hancock Group. Amodeo lacks knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

5. Admitted.

6. Amodeo admits he is a resident of Florida. Amodeo denies that he acted as a representative of Mirabilis, and denies that he had any authority (apparent or express) to bind Mirabilis. Amodeo denies he was a significant shareholder in Mirabilis at the time of the events made the basis of the Complaint,

or that he held himself out as such, and admits that he holds no ownership of Mirabilis. Amodeo admits that he was an attorney licensed to practice law in the State of Georgia and that he was disbarred in 1994. The referenced documents speak for themselves.

7. Amodeo admits only that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and appears to be between citizens of different states. The remaining allegations contained in this paragraph are denied.

8. Denied.

9. The Security Agreement between the Plaintiffs and Mirabilis speaks for itself. Amodeo denies that he was a party to said Security Agreement. To the extent this paragraph contains allegations against Amodeo, those allegations are denied.

10. Amodeo admits that Hancock Group was a professional employer organization ("PEO"). The remainder of this paragraph does not appear to contain any allegations against Amodeo. To the extent the remainder of this paragraph contains any allegations against Amodeo, any such allegations are denied.

11-13.   These paragraphs do not appear to contain any allegations against Amodeo.  To the extent these paragraphs contain allegations against Amodeo, those allegations are denied.

14.   Amodeo admits the Plaintiffs agreed to sell the Hancock Group, Distinct HR Solutions, LLC, Logical HR Solutions, LLC, and Employer Resources, LLC to Mirabilis.  Amodeo denies the remaining allegations in this paragraph.

15-16.   Amodeo lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

17-20.   These paragraphs do not appear to contain any allegations against Amodeo.  To the extent these paragraphs do contain allegations against Amodeo, Amodeo lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

21.   Amodeo lacks knowledge or information sufficient to admit or deny the allegations in this paragraph and therefore denies them.

22-25.   These paragraphs do not appear to contain any allegations against Amodeo.  To the extent these paragraphs do contain allegations against Amodeo, Amodeo lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

26. Amodeo admits that he founded AQMI Strategy Corporation and that he presently owns 100% of the stock in AQMI Strategy Corporation. To the extent the remainder of this paragraph contains any allegations against Amodeo, any such allegations are denied.

27-37. These paragraphs do not appear to contain any allegations against Amodeo. To the extent these paragraphs do contain allegations against Amodeo, Amodeo lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

38. Amodeo denies that he was a representative of Mirabilis in any negotiations. Amodeo admits to having limited communications with the Plaintiffs. To the extent the remainder of this paragraph contains any allegations against Amodeo, any such allegations are denied.

39-52. These paragraphs do not appear to contain any allegations against Amodeo. To the extent these paragraphs do contain allegations against Amodeo, Amodeo lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

53. Amodeo admits to having limited communications with the Plaintiffs. To the extent the remainder of this paragraph contains any allegations against Amodeo, any such allegations are denied.

54-56.   These paragraphs do not appear to contain any allegations against Amodeo.  To the extent these paragraphs do contain allegations against Amodeo, Amodeo lacks knowledge or information sufficient to admit or deny the allegations of these paragraphs and therefore denies them.

57.   The referenced documents speak for themselves.  To the extent this paragraph contains allegations against Amodeo, those allegations are denied.

58-59.   The correspondence dated November 27, 2006 speaks for itself.  To the extent the remainder of these paragraphs contain any allegations against Amodeo, they are denied.

60.   The referenced documents speak for themselves.  Amodeo admits that he was an attorney licensed to practice law in the State of Georgia and that he was disbarred in 1994.  To the extent the remainder of this paragraph contains any allegations against Amodeo, they are denied.

61-63.   The referenced documents speak for themselves.  The remainder of these paragraphs do not appear to contain any allegations against Amodeo.  To the extent the remainder of these paragraphs do contain any allegations against Amodeo, they are denied.

64-65.   These paragraphs do not appear to contain any allegations against Amodeo.  To the extent these paragraphs do contain any allegations against Amodeo, they are denied.

66. Denied.

## COUNT ONE

67. Amodeo adopts and incorporates his responses to paragraphs 1-66 above as if fully set forth herein.

68-75. Denied.

## COUNT TWO

76. Amodeo adopts and incorporates his responses to paragraphs 1-75 above as if fully set forth herein.

77-81. Denied.

## COUNT THREE

82. Amodeo adopts and incorporates his responses to paragraphs 1-81 above as if fully set forth herein.

83-86. Denied.

## COUNT FOUR

87. Amodeo adopts and incorporates his responses to paragraphs 1-86 above as if fully set forth herein.

88-90. These paragraphs do not appear to contain any allegations against Amodeo. To the extent these paragraphs do contain allegations against Amodeo, they are denied.

91. Unless expressly admitted above, Amodeo denies the material allegations of the Original and Amended Complaints.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs failed to join necessary and indispensable parties.

### THIRD DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrines of unclean hands or *in pari delicto*.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrines of ratification, estoppel, waiver or acquiescence.

### SIXTH DEFENSE

The Plaintiffs' damages, if any, were the result of a superseding, intervening cause.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by their own fraud.

## EIGHTH DEFENSE

The Court lacks personal jurisdiction over Amodeo.

**Amodeo hereby reserves the right to assert other affirmative defenses when and if appropriate during this action.**

Dates this 4<u>th</u> day of <u>September</u>, 2007.

/s <u>David Burkholder</u>
Charles A. Burkhart
Eric B. Langley
David Burkholder
Attorneys for Defendants
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5689
E-mail: cburkhart@balch.com
          elangley@balch.com
          dburkholder@balch.com

**Counsel for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DAVID CHAVIERS, NORMAN CHAVIERS, KELLIE LEDBETTER, and TOM HANCOCK,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) ) | **CIVIL ACTION NO. CV-07-0442-CLS** |
| **MIRABILIS VENTURES, INC., and FRANK AMODEO, et al.,** ) ) ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Phillip W. Williams, Jr. / phwill@sbswlegal.com

John M. Gross / jgross@taylor-busch.com

John J. Richard / jrichard@taylor-busch.com

Ramsey A. Knowles / rknowles@taylor-busch.com

926894.1

> /s David Burkholder
> Charles A. Burkhart
> Eric B. Langley
> David Burkholder
> Attorneys for Defendants
> BALCH & BINGHAM LLP
> Post Office Box 306
> Birmingham, AL 35201-0306
> Telephone: (205) 251-8100
> Facsimile: (205) 488-5689
> E-mail: cburkhart@balch.com
>        elangley@balch.com
>        dburkholder@balch.com
>
> **Counsel for Defendants**